THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW and MELANIE NELSON, | CASE NO. C22-0712-JCC |
| Plaintiffs, | ORDER |
| v. | |
| P.S.C., INC., | |
| Defendant. | |

    Plaintiffs bring claims based on Defendant's alleged violations of the Fair Debt Collection Practices Act, Washington's Collection Agency Act, and Washington's Consumer Protection Act. (*See generally* Dkt. No. 1-3.) Presently before the Court is Plaintiffs' motion for partial summary judgment (Dkt. No. 10). In briefing the Court on Plaintiffs' motion, the parties debate the import of Washington's "marital bankruptcy" provisions. (*Compare* Dkt. Nos. 10 at 5–6, 16 at 3–5; *with* Dkt. No. 13 at 3–9.) The statute at issue provides, in part, that "no separate debt . . . may be the basis of a claim against the earnings . . . of either spouse . . . *unless* the same is reduced to judgment ***within*** three years of the marriage . . . ." RCW 26.16.200 (emphasis added).

    How best to interpret the term "within," as contained in the statute, is critical to resolving this matter. Plaintiffs argue the term should be defined in an absolute sense, *i.e.*, a period commencing three years before marriage and terminating three years after marriage. (*See* Dkt.

ORDER
C22-0712-JCC
PAGE - 1

Nos. 10 at 5–6, 16 at 3–5.) Defendant argues the term should be defined in a normative sense, as in *no longer than* three years following the marriage. (Dkt. No. 13 at 6.) This is a matter of statutory interpretation not yet clearly addressed by a Washington court. The Court, therefore, FINDS it appropriate to certify the issue to the Washington Supreme Court. *See* RCW 2.60.020; *see also Alaska Airlines, Inc. v. United Airlines, Inc.*, 902 F.2d 1400, 1402 n.1 (9th Cir. 1990) (*sua sponte* certifying a question of state law).

    Specifically, the following questions are certified:

1. What is the meaning of the term "within" as contained in RCW 26.16.200?
2. If a spouse's antenuptial debt is reduced to judgment more than three years prior to marriage, does Washington law bar garnishment of that spouse's marital wages in satisfaction of that judgment? If not, may the entirety of that spouse's marital wages be garnished, if necessary to satisfy the judgment, or may something less than the entirety be garnished (and what are the limitations)?

The Court does not intend its framing of these questions to restrict the Washington Supreme Court's consideration of any issues it determines relevant—it may reformulate the questions as it sees fit. *Affiliated FM Ins. Co. v. LTK Consulting Servs. Inc.*, 556 F.3d 920, 922 (9th Cir. 2009).

    The Clerk is DIRECTED to submit to the Washington Supreme Court a certified copy of this order; a copy of the docket in the above-captioned matter; and Docket Numbers 1-3, 10, 12, 13, and 16. The record so compiled contains all matters in this case material for consideration of the questions certified for answer. Defendant is ORDERED to file the opening brief on the certified questions. *See* Wash. R. App. P. 16.16(e)(1).

    Plaintiffs' motion for partial summary judgment (Dkt. No. 10) is STAYED until the Washington Supreme Court answers the certified questions or affirmatively declines to do so. All remaining case management dates are STRICKEN. The parties are ORDERED, within fourteen days of the Washington State Supreme Court's answer, or communication declining to provide an answer, to meet and confer and provide this Court with a Joint Status Report.

DATED this 7th day of November 2022.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE